OPINION
{¶ 1} Shotz Bar and Grill, Inc., ("Shotz") appeals from a ruling of the Franklin County Court of Common Pleas which affirmed an order of the Ohio Liquor Control Commission ("LCC") revoking the liquor license at Shotz's premises. The revocation occurred because the former financial manager and bookkeeper for Shotz had been convicted of a felony.
 {¶ 2} Shotz assigns a single error for our consideration:
 {¶ 3} "The trial court erred in finding that the order of the commission was supported by reliable, probative and substantial evidence and was in accordance with law."
 {¶ 4} Marie Schilero is the sole officer and shareholder for Shotz. Marie used her former daughter-in-law, Beverly A. Schilero, as bookkeeper and financial manager of Shotz. The record does not indicate when Beverly Schilero began performing this service.
 {¶ 5} In late March of 2001, Beverly entered a guilty plea to a felony charge of violating Section 371, Title 18, U.S. Code, conspiring to impede and impair the Internal Revenue Service. The conduct for which Beverly pled guilty concluded August 13, 1996. Based on the record before us, we cannot determine whether Beverly was performing any services for Shotz when she engaged in the conduct which led to her federal conviction.
 {¶ 6} Shortly after Beverly entered her guilty plea, Marie Schilero terminated Beverly's services for Shotz. This termination occurred before any charges were filed with the LCC.
 {¶ 7} Charges were filed in June of 2001, and a hearing on the charges was conducted on December 5, 2001. The LCC revoked the license for Shotz based upon R.C. 4301.25(A), which reads:
 {¶ 8} "The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause, and for the following causes:
 {¶ 9} "(1) Conviction of the holder or the holder's agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony;
 {¶ 10} "(2) The entry of a judgment pursuant to division (D) or (E) of section 3767.05 of the Revised Code against a permit holder or the holder's agent or employee finding the existence of a nuisance at a liquor permit premises or finding the existence of a nuisance as a result of the operation of a liquor permit premises;
 {¶ 11} "(3) Making any false material statement in an application for a perm it;
 {¶ 12} "(4) Assigning, transferring, or pledging a permit contrary to the rules of the commission;
 {¶ 13} "(5) Selling or promising to sell beer or intoxicating liquor to a wholesale or retail dealer who is not the holder of a proper permit at the time of the sale or promise;
 {¶ 14} "(6) Failure of the holder of a permit to pay an excise tax together with any penalties imposed by the law relating thereto and for violation of any rule of the department of taxation in pursuance thereof."
 {¶ 15} Counsel for Shotz argues that there must exist some nexus between the felonious conduct of the agent or employee and the liquor establishment in order to justify a revocation of the liquor permit for the agent or employee's conduct off the liquor permit premises. Counsel for the LCC argues that the statute requires no such nexus, but even if it did, Beverly's employment with Shotz included a responsibility to assure that taxes were paid on behalf of Shotz and her conduct in failing to assure payment of her own federal taxes provided a sufficient nexus between the conviction and the liquor licenses held by Shotz. Counsel for the LCC also suggests that Shotz previously had difficulties with its own taxes and money management, although no actual violation had been proved previously.
{¶ 16} We are concerned about the LCC's position about the scope of R.C. 4301.25(A)(1). We believe that R.C. 4301.25(A)(1) must be construed in a way which causes reasonable results. Our belief is supported by a wide array of statutory guidelines.
 {¶ 17} R.C. 1.47 reads:
 {¶ 18} "In enacting a statute, it is presumed that:
 {¶ 19} "(A) Compliance with the constitutions of the state and of the United States is intended;
 {¶ 20} "(B) The entire statute is intended to be effective;
 {¶ 21} "(C) A just and reasonable result is intended;
 {¶ 22} "(D) A result feasible of execution is intended." (Emphasis added.)
 {¶ 23} R.C. 1.11 requires "liberal construction of remedial laws."
 {¶ 24} R.C. 1.49 reads:
 {¶ 25} "If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
 {¶ 26} "(A) The object sought to be attained;
 {¶ 27} "(B) The circumstances under which the statute was enacted;
 {¶ 28} "(C) The legislative history;
 {¶ 29} "(D) The common law or former statutory provisions, including laws upon the same or similar subjects;
 {¶ 30} "(E) The consequences of a particular construction;
 {¶ 31} "(F) The administrative construction of the statute."
 {¶ 32} R.C. 2901.04(A) holds:
 {¶ 33} "Except as otherwise provided in division (C) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 34} We note that R.C. 2901.04(A) does not apply only to penalties under R.C. Chapter 29, but applies to penalties defined anywhere in the Revised Code.
 {¶ 35} Given this extensive guidance from the General Assembly, including the requirement that R.C. 4301.25(A) be construed in such a way as to result in a reasonable interpretation, we feel compelled to construe the statute in such a way as to require some relationship between felonious conduct of the employee and the liquor permit or liquor permit premises for revocation of the liquor permit to be permissible. In most cases, this relationship or nexus will be straightforward. A drug sale occurred on the premises or negotiations about the sale occurred on the premises. An employee concealed a firearm on the premises. The felonious conduct was committed by an officer of the corporation which holds the liquor license.
 {¶ 36} Here, the felonious conduct did not occur on the premises. Indeed, we cannot tell from the record before us if any of Beverly Schilero's failure to pay taxes occurred while she was employed by Shotz. By the time the LCC began investigating the problem, Beverly's employment had already been terminated. We cannot tell whether or not Beverly's conviction for failure to pay taxes became final in federal court while she was still employed by Shotz.
 {¶ 37} We further note that as the bookkeeper and financial manager for Shotz, Beverly had authority to write checks on the companies' checking account. However, this power to write checks on the corporate account had nothing to do with Beverly's failure to pay her own taxes five years before the liquor citations. Instead, Beverly diligently wrote the checks for sales taxes owed by Shotz each month. Copies of the checks are in the record before us for the years 1999 and 2000.
 {¶ 38} This court is aware of Henry's Café v. Bd. of Liquor Control (1959), 170 Ohio St. 233. We have repeatedly followed Henry's Café, while repeatedly urging the Ohio Supreme Court to revisit the holding. However, we are not confronted here with a choice between penalties meted out by a state agency. Instead, we are presented with the question of whether any penalty whatsoever can be handed down where no tie has been demonstrated between the felonious conduct and the liquor permits or permit premises. Thus, we do not feel that Henry's Café governs the outcome of this case.
 {¶ 39} In summary, we do not feel that a penalty, let alone a revocation, can be handed down under R.C. 4301.25(A) where no nexus or relationship is demonstrated between the felonious activity and the liquor permit or permit premises, especially where the record does not clearly demonstrate that the resulting criminal conviction became final while the employee still worked for the permit holder. Since the question of a legal nexus is a mixed question of fact and law, we sustain the sole assignment of error as written. We find that the order of revocation by the LCC was not supported by reliable, probative and substantial evidence and was not in accordance with law. We, therefore, reverse the judgment of the trial court as written. We find that the order of revocation by the LCC was not supported by reliable, probative and substantial evidence and was not in accordance with law. We, therefore, reverse the judgment of the Franklin County Court of Common Pleas and remand the case with instructions to that court to remand the case to the LCC with further instructions that the LCC dismiss the case.
Judgment reversed and cause remanded with instructions.
BOWMAN and BROWN, JJ., concur separately.